**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN GLADYS RIVERA ET AL., <br><br>    Plaintiffs, <br><br>     v. <br><br> EL CONQUISTADOR PARTNERSHIP, L.P. D.B.A. EL CONQUISTADOR RESORT AND COUNTRY CLUB, ET AL., <br><br>    Defendants-Third Party Plaintiffs <br><br>     v. <br><br> JUAN JIMENEZ VEGA, CUERPO DE EMERGENCIAS MEDICAS, ET AL., <br><br>    Third-Party defendants | CIV. NO. 05-2007(PG) |

**OPINION AND ORDER**

Before the Court is Third-Party Defendant Cuerpo de Emergencias Medicas Estatal's (hereinafter "CEME") Motion for Reconsideration. (Docket No. 89.) For the following reasons, the Court **GRANTS** Third-Party Defendant's motion.

**BACKGROUND**

On September 23, 2005, Plaintiffs[1] filed suit pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Stat. Ann. 31 § 5151, claiming that defendants' negligence caused them damages. Specifically, plaintiffs allege that due to the absence of basic emergency equipment at El Conquistador Resort and Country Club and the lack of properly trained personnel to assist during emergencies, Dr. Miguel López Napoleoni died within the hotel's facilities.

On April 10, 2006, Defendants filed a Third Party Complaint against the CEME alleging that it controls the dispatch and response time of ambulances requested to provide emergency medical treatment. It is Defendants' position that the ambulance did not arrive on time to treat and/or transfer Dr. López Napoleón.

On August 28, 2006, the CEME filed a Motion to Dismiss alleging that it

---

[1] The named plaintiffs are Carmen Gladys Rivera, widow of the deceased, Miguel Rafael Lopez Rivera and Regina Paola Lopez Rivera, the deceased's minor children, and Micar Medical, C.S.P., a professional corporation.

Cv. No. 05-2007 (PG)                                                    Page 2

is an "arm" or "alter ego" of the state and therefore, the Third Party Plaintiff Complaint was barred by the Eleventh Amendment. (Docket No. 44.) Defendants opposed CEME's motion. Upon reviewing the parties' arguments, the Court denied the motion to dismiss. (Docket No. 88.)

## STANDARD OF REVIEW

A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002). See generally Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.") These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence. F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colon v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co., 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

## DISCUSSION

Under the Eleventh Amendment, "all states are immune from suits by citizens in federal court, unless the state waives said immunity or Congress overrides it as it may do in limited situations." Gotay Sanchez v. Pereira, 343 F.Supp.2d 65, 71 (D.P.R. 2004); see Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Espinal-Dominquez v. Com. of Puerto Rico, 352 F.3d 490, 493-94 (1st Cir. 2003). This "jurisdictional bar applies irrespective of the nature of the relief sought in the complaint." Gotay Sanchez, 343 F.Supp.2d at; see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100(1984). The Eleventh Amendment seeks to protect two interests: the state's fisc and its

Cv. No. 05-2007 (PG)                                                               Page 3

dignity in not being haled into federal court. <u>Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.</u>, 322 F.3d 56, 64-65 (1st Cir. 2003). The Commonwealth of Puerto Rico is treated as a State for Eleventh Amendment purposes, thus, it is "entitled to a full measure of Eleventh Amendment immunity." <u>Espinal-Dominguez</u>, 352 F.3d at 493-494; <u>see</u> <u>Jusino Mercado v. Comm. of Puerto Rico</u>, 214 F.3d 34, 37 (1st Cir.2000).

The First Circuit has adopted a two-part test to determine whether an entity is an arm of the state. First, the Court must determine whether the state has structured the agency to be an arm of the state. <u>Fresenius Medical Care</u>, 322 F.3d at 65. In reaching a conclusion, the Court should consider:

> [1] [the] extent of state control including through the appointment of board members and the state's power to veto board actions or enlarge the entity's responsibilities; [2] how the enabling and implementing legislation characterized the entity and how the state courts have viewed the entity; [3] whether the entity's functions are readily classifiable as state functions or local or non-governmental functions; and [4] whether the state bore legal liability for the entity's debts.

<u>Id.</u> (citations omitted). If the Court cannot conclude after analyzing these factors that the agency is structured to share the state's sovereign immunity, the Court must determine whether it is clear that the state treasury is at risk. If so, the entity is entitled to Eleventh Amendment immunity. <u>Id.</u>

In support of its motion for reconsideration, CEME filed the agency's Budgetary Plan which it did not include with it previous motion to dismiss. Defendants have not opposed the motion for reconsideration.

Upon carefully reviewing this newly submitted evidence, having revisited the record and CEME's enabling legislation (Docket No. 61, Ex. 1), as well as the applicable law, <u>see</u> <u>Fresenius Medical Care</u>, 322 F.3d at 64-70; <u>Rodriguez Diaz v. Sierra Martinez</u>, 717 F.Supp. 27, 30-31 (D.P.R. 1989), the Court finds that Defendants claim against CEME is barred by the Eleventh Amendment and must be dismissed without prejudice. The extent of state control over the CEME, the act's characterization of the agency, and the fact that the CEME's functions can be classified as state functions support the conclusion that it

Cv. No. 05-2007 (PG)                                                    Page 4

is structured to be an arm of the state[2]. What is more, the agency's budgetary plan undisputedly shows that the state treasury is at risk. It is well-settled that "the potential payment from the state treasury is the most critical factor in determining whether an entity is operating as an arm of the state." Fresenius Medical Care, 322 F.3d at 66.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Court dismisses without prejudice the Third Party Complaint against the Cuerpo de Emergencias Medicas Estatal.

**SO ORDERED.**

In San Juan, Puerto Rico, August 14, 2007.

                                            S/JUAN M. PEREZ-GIMENEZ
                                            U.S. DISTRICT JUDGE

---

[2] Pursuant to its enabling legislation, the CEME is an agency attached to the Puerto Rico Health Department and is under the supervision of the Secretary of Health. The Health Department is in charge of implementing the constitutional and legal mandate of tending to and managing everything related to Health. The CEME is the agency responsible for carrying out the programs of the Government of Puerto Rico and implementing its public policy regarding medical emergencies. It is directed by an Executive Director who is named by the Governor with the advise and consent of the Senate. The Secretary of Health must coordinate with the Executive Director the assignment of personnel from the Department of Health to the CEME. The Secretary of Health is also in charge of formulating, together with the CEME' Executive Director, the regulations regarding medical emergencies in Puerto Rico. (See Law Number 539 of September 30, 2004, "Act of the Medical Emergencies Corps of the Commonwealth of Puerto Rico", Docket No. 61, Ex. 1.)